UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Lorenzo E. Dukes,

                    Plaintiff,

vs.                                    Case No.  2:06-cv-252-FtM-29DNF

Gerald Camp, Michael Waite, Mark
Kachor, Mike Scott, Tom Ellegood,

                    Defendants.

_____

## ORDER

    This matter comes before the Court upon periodic review of the file.  On September 12, 2006, the Order dated August 29, 2006, was returned to the Court as "undeliverable."  On September 8, 2006, Plaintiff filed a notice of change of address advising the Court that Plaintiff was no longer in custody.  Upon contacting Plaintiff's former penal facility, the Clerk of Court confirmed that Plaintiff was no longer in custody.

    On May 2, 2002, *pro se* Plaintiff, while incarcerated at the Lee County Jail, filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983.[1]  The Complaint alleges that the named defendants violated Plaintiff's First Amendment rights by failing to accommodate Plaintiff's requests for a Quran, a prayer rug, a kufi, and religious

_____

    [1]Plaintiff first filed his civil rights Complaint with the United States District Court for the Middle District of Florida, Tampa Division.  On May 17, 2006, the Complaint was transferred to the Ft. Myers Division.

dietary meals as required by Plaintiff's Islamic religious beliefs. As relief, Plaintiff only requests injunctive relief (Doc. #1 at 8).

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. Const. art. III.  Mootness can occur due to a change in circumstances or a change in law.  Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004).  A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party.  Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276 (11th Cir. 2004); Christian Coalition of Alabama v. Cole, 355 F. 3d 1288 (11th Cir. 2004); Crown Media LLC v. Gwinnett County, Ga., 380 F.3d 1317 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is jurisdictional.  Any decision on the merits would be an impermissible advisory opinion."  Troiano, 382 F.3d at 1282 (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)).  As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997) (citations omitted).  The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility.

-2-

Spears v. Thigpen, 846 F.2d 1327 (11th Cir. 1988), cert. denied, 488 U.S. 1046 (1989). See also Green v. Branson, 108 F.3d 1296 (10th Cir. 1997); Daring v. Cancel, 783 F.2d 874 (9th Cir. 1986); Stewart v. McGinnis, 800 F. Supp. 604 (N.D. Ill. 1992), aff'd, 5 F.3d 1031 (7th Cir. 1993).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." De La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003); Brooks v. Georgia State Bd. Of Elections, 59 F.3d 1114 (11th Cir. 1995). Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the **same complaining party would be subjected to the same action again**. Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added). A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002)(quotations omitted).

It is undisputed that Plaintiff is no longer confined in the Lee County Jail. Thus, the various forms of injunctive relief requested by Plaintiff would be meaningless at this time. The Court finds that Plaintiff's release from the Lee County Jail moots Plaintiff's claims for injunctive relief; and thus, Plaintiff lacks standing to proceed

with his claim before this Court.  <u>Koziara v. City of Casselberry</u>, 392

F.3d 1302 (11th Cir. 2004).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint is **DISMISSED without prejudice.**

2.   The **Clerk of Court** shall: 1) enter judgment accordingly; 2)

terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __10th__ day of

October, 2006.

_____
**JOHN E. STEELE**
**United States District Judge**

SA:  alj
Copies: All Parties of Record

-4-